**YU FEI WENG, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

**No. 04–6087–ag.**

United States Court of Appeals, Second Circuit.

Feb. 9, 2007.

Dehai Zhang, Flushing, New York, for Petitioner.

Jeffrey A. Taylor, United States Attorney, District of Columbia; Madelyn E. Johnson, Assistant United States Attorney, Washington, District of Columbia, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Yu Fei Weng, a native and citizen of the People's Republic of China, seeks review of a November 1, 2004 order of the BIA affirming the July 21, 2003 decision of Immigration Judge ("IJ") Alan Vomacka denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yu Fei Weng*, No. A 78 433 052 (B.I.A. Nov. 1, 2004), *aff'g* No. A 78 433 052 (Immig. Ct. N.Y. City July 21, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, we lack jurisdiction to consider Weng's arguments regarding his eligibility for asylum. Pursuant to 8 U.S.C. § 1158(a)(3), we lack jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B) or its finding that neither changed nor extraordinary circumstances excuse the untimeli-

ness under 8 U.S.C. § 1158(a)(2)(D). Therefore, because the IJ pretermitted Weng's asylum claim, we will not review the agency's denial of asylum, and we dismiss the petition for review to that extent. However, Section 1158(a)(3) applies only to asylum requests and does not divest this Court of jurisdiction under 8 U.S.C. § 1252(a) to review final orders of removal which deny other forms of relief. See Joaquin–Porras v. Gonzales, 435 F.3d 172, 180–81 (2d Cir.2006). We therefore review Weng's withholding of removal and CAT claims on the merits.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see, e.g., Zhou Yun Zhang v. INS, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. See Cao He Lin v. U.S. Dep't of Justice, 428 F.3d 391, 406 (2d Cir.2005).

■ The BIA's order is unclear with respect to whether it affirmed the IJ's adverse credibility finding. Nevertheless, even assuming Weng's testimony was credible with respect to his withholding of removal claim based on the alleged forced abortion of his girlfriend, substantial evidence supports the BIA's determination that the abortion suffered by Weng's girlfriend was insufficient to establish his eligibility for withholding of removal. Accordingly, any error in the IJ's adverse credibility determination is deemed harmless. See Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 338–41 (2d Cir.2006) (avoiding remand where, in spite of deficiencies in an adverse credibility determination, the Court could confidently predict that the IJ would adhere to the decision were the case remanded).

Weng argues that, under In re S–L–L–, 24 I. & N. Dec. 1, 10 (B.I.A.2006), an unmarried partner of an individual forced to have an abortion or to undergo sterilization may demonstrate persecution if he shows that he has suffered harm amounting to persecution on account of "other resistance to a coercive population control program." However, this argument is unavailing in Weng's case. While Weng may have been "extremely sad" regarding his girlfriend's alleged forced abortion, he failed to allege facts indicating that he had ever engaged in "other resistance" to the family planning policy. Therefore, he did not carry his burden of demonstrating that he had suffered past persecution under a coercive population control program.

As to any claim of future persecution, Weng has waived any challenge to the agency's denial of his application for withholding of removal with respect to his illegal departure claim by failing to present any such argument to this Court. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). We therefore deny the petition for review as to Weng's withholding of removal claim.

■ Finally, the record supports the IJ's determination that Weng failed to establish eligibility for relief under the CAT with respect to his illegal departure claim. The IJ found that Weng's background material indicated that torture occurs frequently in China. This material, namely, the Amnesty International report ("AI Report"), indicates that the police and other government agencies in China retain "wide

powers to detain people on their own authority, without charge, trial or any type of judicial review, and generally without the oversight of existing supervisory bodies," leaving both criminal and administrative detainees vulnerable to torture and ill-treatment. However, the AI Report neither indicates whether repatriated Chinese nationals who left illegally are routinely imprisoned or detained administratively, nor, if so, whether they are consistently mistreated or tortured. Furthermore, although Weng's friend indicated in his letter that he was detained for his illegal departure, the exact circumstances of his departure and reasons for detention are not clear, and Weng failed to explain how his smuggling experience was similar to that of his friend. Thus, the IJ reasonably found that Weng failed to prove a clear probability that he would be tortured if returned to China. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005) (holding that a reasonable factfinder would not be compelled to conclude that the petitioner would more likely than not be subjected to torture if removed to China based solely on the fact that she had illegally departed China, without more particularized evidence).

For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.